LAW OFFICES OF SCOTT J. GOLDSTEIN, LLC
3175 Route 10 East, Suite 300C
Denville, New Jersey 07834
Tel:  973-453-2838
Fax: 973-453-2869
Scott J. Goldstein (SG1837)
sjg@sgoldsteinlaw.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Brian Updyke | Civil Case No. |
| Plaintiff, | |
| v. | |
| Frontline Asset Strategies, LLC, Credigy Receivables, Inc., Credigy Solutions, Inc., John Does 1-10 and ABC Corps 1 - 10 | |
| Defendant | |

BRIAN UPDYKE, the Plaintiff in the above entitled action, by and through his undersigned

attorney, Law Offices of Scott J. Goldstein, LLC, as and for his complaint against the

Defendants, Frontline Asset Strategies, LLC, Credigy Receivables,Inc. and Credigy Solutions,

Inc., alleges and states as follows:

### VENUE AND JURISDICTIONAL PREREQUISITES

1.  Jurisdiction is conferred upon this Court pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C.

    §1331, as the causes of action set forth hereinafter, arise under the Fair Debt Collection

    Practices Act, 15 U.S.C. §1692 *et seq*.

2.  Venue is appropriate in this district pursuant to 28 U.S.C. §1391(b)(1) as the Defendant,

    Frontline Asset Strategies, LLC, regularly conducts business in the District and State of

    New Jersey, by attempting to collect debts purportedly owed by New Jersey residents

    and/or collecting debts for entities that are located in the District and State of New Jersey.

**PARTIES**

3. Plaintiff, Brian Updyke, is an individual resident of the State of Jersey, residing at 23 Jeanette Street, Bayville, New Jersey 08721.

4. Defendant, Frontline Asset Strategies, LLC is, upon information and belief, a Limited Liability Company, formed existing under the laws of the State of Minnesota, with its principal place of business located at Cre

5. Upon information and belief, the Defendant, Frontline Asset Strategies, LLC (hereinafter "Frontline") regularly transacts business in the District of New Jersey by the collection of debts from various individuals in this District.

6. Upon information and belief, Frontline is engaged in the busines of collecting consumer debts in the District of New Jersey and throughout the United States.  The principal purpose of Frontline's business is the collection of consumer debts by using the mails and telephones, and it regularly attempts to collect consumer debts for other persons or entities.

7. Frontline is a "Debt Collector" as defined by 15 U.S.C. §1692a(6).

8. Defendant, Credigy Solutions, Inc. ("Credigy Solutions") is, upon information and belief, a Corporation, formed existing under the laws of the State of Georgia, with its principal place of business located at 3715 Davinci Court Suite 200, Norcross, GA 30092.

9. Upon information and belief, the Defendant, Credigy Solutions regularly transacts business in the District of New Jersey by the collection of debts from various individuals in this District.

10. Upon information and belief, Credigy Solutions is engaged in the busines of collecting consumer debts in the District of New Jersey and throughout the United States.  The

principal purpose of Frontline's business is acquisition of and the collection of consumer debts by using the mails and telephones, and it regularly attempts to collect consumer debts for other persons or entities, as well as debts that it has acquired.

11. Credigy Solutions is a "Debt Collector" as defined by 15 U.S.C. §1692a(6).

12. Defendant, Credigy Receivables, Inc. ("Credigy Receivables") is, upon information and belief, a Corporation, formed existing under the laws of the State of Nevada, with its principal place of business located at 3715 Davinci Court Suite 200, Norcross, GA 30092.

13. Upon information and belief, the Defendant, Credigy Receivables regularly transacts business in the District of New Jersey by the collection of debts from various individuals in this District.

14. Upon information and belief, Credigy Receivables is engaged in the busines of collecting consumer debts in the District of New Jersey and throughout the United States.  The principal purpose of Frontline's business is acquisition of and the collection of consumer debts by using the mails and telephones, and it regularly attempts to collect consumer debts for other persons or entities, as well as debts that it has acquired.

15. Credigy Receivables is a "Debt Collector" as defined by 15 U.S.C. §1692a(6).

16. Upon information and belief, Credigy Receivables and Credigy Solutions are a single entity, with common ownership and control.

17. ABC Corps 1- 10, being fictitious names are, upon information and belief, entities that had involvement or other liability for the matters alleged in this Complaint.

18. John Does 1-10, being fictitious names are, upon information and belief, individuals who bear liability for the matters alleged in this Complaint.

## FACTS COMMON TO ALL COUNTS

### A. THE ORIGINATION OF THE DEBT AND INITIAL SETTLEMENT

19. Upon information and belief, Frontline was retained to collect a debt originated by HSBC Bank Nevada, N.A., for an account ending in 9639 (the "Account").

20. Frontline, in its communications with the Plaintiff, indicated that the obligation had been purchased by Credigy Receivables.

21. Upon information and belief, Credigy Receivables purchased the Account from Main Street Acquisition Corp.

22. Upon information and belief, the Account was the subject of a Judgment entered in the Superior Court of New Jersey under Docket No. OCN-DC-686-10, in an action entitled *Main Street Acquisition Corp. v. Brian W. Updyke* (the "Judgment").

23. It is unknown as to whether any of the Defendants took an assignment of the Judgment.

24. At the time that the Defendants contacted Plaintiff, the Plaintiff had previously retained the law firm of Persels and Associates, LLC ("Persels") for the purposes of negotiating his unsecured debts.

25. On or about January 24, 2012, the Plaintiff and Defendant Frontline, acting on behalf of Defendant Credigy Receivables, entered into an agreement to resolve the Account according to the following terms

    a. $755.00 by January 31, 2012

    b. 22 payments of $105 due by the last business day of each successive month; and

    c. A final payment of $119 on the last buiness day of the 24th month.

26. Plaintiff, by its counsel, Persels and Associates, LLC, issued payment on the Account as follows:

| Check No. | Amount | Date Sent | Date Cashed | Party Cashing |
|---|---|---|---|---|
| 1305642 | $755.00 | 1/25/2012 | 1/27/2012 | Unknown |
| 1320700 | $105.00 | 2/22/2012 | 2/28/2012 | Unknown |
| 1337420 | $105.00 | 3/21/2012 | 3/27/2012 | Unknown |
| 1354297 | $105.00 | 4/19/2012 | 5/15/2012 | Credigy Solutions, Inc. |
| 1372091 | $105.00 | 5/21/2012 | 6/11/2012 | Credigy Solutions, Inc. |

27. In or around June and July of 2012, the Defendant Frontline, upon information and belief, at the behest of Credigy Receivables and/or Credigy Solutions (collectively "Credigy"), refused to accept payments from the Plaintiff's counsel.

28. Despite repeated requests, the Defendants, Frontline and Credigy refused to accept payments.

29. During the course of the Defendants' refusal to accept payment, the Defendants demanded a down payment of approximately $630 to restart the settlement that Defendants had caused to be breached.

30. Defendants have continually refused to honor their own settlement.

**FIRST COUNT**
UNFAIR AND DECEPTIVE PRACTICES
(15 U.S.C §1692f)

31. Plaintiffs repeat and reallege each of the foregoing paragraphs of this Complaint with the same force and effect as if set forth at length.

32. Defendant, Frontline, by extending the Settlement Agreement to the Plaintiff, did unfairly and deceptively represent that the Plaintiff could resolve their obligation to Credigy and/or HSBC by the payment of the described settlement amounts to Frontline.

33. By refusing to accept the June and July Payments, Frontline unfairly caused Plaintiff to default on the Settlement Agreement and remain obligated to Credigy for the sum of the Account less the payments made in the Settlement, causing the Plaintiff to lose the benefit of his bargain.

34. Thereafter, the Defendant's improper and groundless rejection of the Rework Payment renewed the damage to the Plaintiff in that the Plaintiff once again lost the benefit of his bargain.

35. Accordingly, the Plaintiff has been damaged.

## SECOND COUNT
### FALSE AND MISLEADING REPRESENTATIONS
(15 U.S.C. §1692e)

36. Plaintiffs repeat and reallege each of the foregoing paragraphs of this Complaint with the same force and effect as if set forth at length.

37. Defendant, Frontline, by extending the Settlement Agreement  to the Plaintiff, did unfairly and deceptively represent that the Plaintiff could resolve their obligation to HSBC and/or its successor in interest Credigy by the payment of the described settlement amounts to Frontline.

38. The subsequent refusal of Credigy and Frontline to accept payments and thereby causing default indicates that Frontline did not have the authority to accept and bind its principal to the settlement.

39. By reason of the foregoing, Frontline has violated 15 USC §1692e by the making of a false or misleading representation.

40. Accordingly, the Plaintiff has been damaged.

## THIRD COUNT

(UNFAIR PRACTICES – CREDIGY)
15 USC §1692f

41. Plaintiff repeats and realleges each of the foregoing paragraphs of this Complaint with the same force and effect as if set forth at length.

42. The Defendants, Frontline and, through its agent, Credigy accepted and agreed to a settlement agreement of scheduled payments.

43. Defendant Credigy, by wrongfully refusing to accept payments from Plaintiff's agents and attorneys and returning the checks uncashed is engaged in unfair and deceptive practices.

44. The Defendants' conduct was designed solely to hinder and prevent Plaintiff from resolving Plaintiff's obligation in accordance with the agreement between the parties.

45. The aforesaid behavior, combined with the Defendants' wrongful demand for a significant "down payment" to continue the settlement constitutes an unfair practice in violation of 15 U.S.C. §1692f.

## FOURTH COUNT
HARASSMENT OR ABUSE
(15 U.S.C. §1692d)

46. Plaintiff repeats and realleges each of the foregoing paragraphs of this Complaint with the same force and effect as if set forth at length.

47. The defendants' conduct with respect to the collection of the debt was intended to oppress, harass, and abuse the Plaintiff.

48. By reason of the foregoing, the Plaintiff has been damaged.

**WHEREFORE THE PLAINTIFF**, Brian Updyke demands judgment as follows:

1) Declaring that the conduct engaged in by the Defendant, FRONTLINE ASSET STRATEGIES, LLC is a violation of the Fair Debt Collection Practices Act.

2) Declaring that the conduct engaged in by the Defendant CREDIGY RECEIVABLES, INC. is a violation of the Fair Debt Collection Practices Act.

3) Declaring that the conduct engaged in by the Defendant CREDIGY SOLUTIONS, INC. is a violation of the Fair Debt Collection Practices Act.

4) Awarding statutory damages, compensatory damages and punitive damages.

5) Grant the foregoing together with attorney fees, costs of court and disbursements.

6) Granting such additional and/or other relief as this honorable Court may deem just and appropriate.

Dated:  July 25, 2013

LAW OFFICES OF SCOTT J. GOLDSTEIN
*Attorneys for Plaintiff*

By:____/s/Scott J. Goldstein (SG1837)_____
SCOTT J. GOLDSTEIN
3175 Route 10 East, Suite 300C
Denville, New Jersey 07834
Tel:  973-453-2838
Fax:  973-453-2869
Email:  sjg@sgoldsteinlaw.com